**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAN 0 3 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**GINA FLOYD-SMITH**                                    **PLAINTIFF**

vs.                          No. 1:19-cv-__-3m

**DIAMOND MANAGEMENT, LLC,**                 **DEFENDANTS**
**and MICHAEL LLEWELLYN**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Gina Floyd-Smith, by and through her attorneys

Allison Koile and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original

Complaint against Defendants Diamond Management, LLC, and Michael

Llewellyn, she does hereby state and allege as follows:

**I.**
**JURISDICTION AND VENUE**

1.    Plaintiff brings this action pursuant to Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII") and Arkansas statutory and

common law claims.

2.    This Court has jurisdiction over the subject matter hereof under 28

U.S.C. § 1331.

3.    Venue is proper within this District pursuant to 28 U.S.C. § 1391.

4.    This Complaint also alleges violations of Arkansas statutes and

common law which form part of the same case and/or controversy and arise out of

a common nucleus of operative facts as the Title VII claims alleged in this

This case assigned to District Judge _____
and to Magistrate Judge _____

Complaint.

5.     This Court has supplemental jurisdiction over Plaintiff's Arkansas statutory and common law claims pursuant to 28 U.S.C. § 1367(a).

## II.
## THE PARTIES

6.     Gina Floyd-Smith ("Plaintiff") is a citizen of the United States and a resident and domiciliary of Sebastian County.

7.     At all times relevant to the allegations in this Complaint, Plaintiff was employed by Defendants at their Grand Avenue Fort Smith Hardee's location.

8.     At all times relevant herein, Diamond Management, LLC, has been a domestic limited liability company, created and existing under and by virtue of the laws of the State of Arkansas, with a registered agent in Cleburne County.

9.     Separate Defendant Diamond Management, LLC's registered agent for service is Stacy Schmidt, 5 Mystic Isle Road, Edgemont, Arkansas 72044.

10.    Separate Defendant Michael Llewellyn is the general manager of a Hardee's store owned by Diamond Management, LLC.

11.    Michael Llewellyn is a citizen and resident of the state of Arkansas.

12.    Michael Llewellyn was at all times relevant hereto Plaintiff's employer.

13.    Separate Defendant Michael Llewellyn, an individual, has operational control and management over employees, including shared power to supervise, hire and fire, and set schedules for employees through unified management.

14.    Separate Defendants Diamond Management, LLC, and Michael

Llewellyn acted jointly as the employer of Plaintiff.

15.    At all relevant times herein, Defendants were the "employer" of Plaintiff within the meaning of all applicable federal statutes and implementing regulations, including Title VII.

16.    All of the acts of Separate Defendant Michael Llewellyn are attributable to Separate Defendant Diamond Management, LLC through the doctrine of *respondeat superior* and Separate Defendant Diamond Management's own willful, wanton and/or intentional failure to make a proper effort to prevent the battery on Plaintiff, despite their legal duty to do so.

## III.
## FACTUAL ALLEGATIONS

17.    Plaintiff repeats and re-alleges all previous paragraphs of her Complaint as though fully incorporated in this section.

18.    Plaintiff was employed by Defendants as an hourly food service employee from approximately April 17, 2018, through approximately May 14, 2018, at Defendants' Hardee's location at 4123 Grand Avenue in Fort Smith.

19.    The general manager at this location and Plaintiff's supervisor was Michael Llewellyn.

20.    Beginning almost immediately upon hire, Plaintiff was subjected to unwanted sexual advances by Llewellyn, including inappropriate touching and sexually suggestive comments.

21.    On or about May 12, 2018, Defendant Llewellyn touched Plaintiff on her buttocks and bit her on her arm, both in a manner having obvious sexual overtones.

22.    Plaintiff reported this behavior to Diamond Management's human resources department and nothing was done to prevent further harassment.

23.    Diamond Management insisted that Plaintiff return to work for Defendant Llewellyn, despite his discriminatory and unlawful conduct.

24.    Due to Separate Defendant Diamond Management's response to Llewellyn's conduct, Plaintiff was constructively discharged by Defendants on or about May 14, 2018.

25.    On or about June 5, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that she had been discriminated against by Defendants on the basis of her sex.

26.    Plaintiff received a right to sue letter on or about October 10, and Plaintiff is within her 90-day period to sue Defendants.

**V.**
**COUNT ONE: VIOLATIONS OF TITLE VII**

27.    Plaintiff repeats and re-alleges all previous paragraphs of her Complaint as though fully incorporated in this section.

28.    Plaintiff brings this action against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII").

29.    At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of Title VII, 24 U.S.C. § 2000e(f).

30.    At all relevant times, Defendants were the "employer" of Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e(b).

31.    At all relevant times, Defendant have been, and continue to be, engaged in an "industry affecting commerce" within the meaning of Title VII, 24

U.S.C. § 2000e(h).

32.   At all relevant times, Defendants have engaged in unlawful employment practices against Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e-2(a).

33.   Defendants, through their agents and employees, namely Separate Defendant Llewellyn, discriminated against Plaintiff with respect to the terms, conditions and privileges of employment due to Plaintiff's sex.

34.   Defendants' treatment of Plaintiff, which was motivated by Plaintiff's sex, created a hostile work environment for Plaintiff.

35.   The unlawful treatment caused Plaintiff financial loss and harm.

36.   As a result of Defendants' unlawful discrimination, Plaintiff seeks front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and for any emotional harm, and punitive damages.

## VI.
## COUNT TWO: VIOLATIONS OF THE ACRA

37.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38.   Plaintiff brings this action against Defendants under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("Arkansas Civil Rights Act" or "ACRA").

39.   Defendants intentionally discriminated against Plaintiff on the basis of her gender in violation of A.C.A. § 16-123-107.

40.   Claims brought under the ACRA are governed by the same

standards as Title VII claims. <u>Clegg v. Ark. Dep't. of Corr.</u>, 496 F.3d 922, 926 (8th Cir. 2007).

41.     As more fully described hereinabove, Defendants, through their agents and employees, improperly created a hostile work environment due to Plaintiff's gender.

42.     As a result of Defendants' violations of the ACRA, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## VII.
## COUNT THREE: BATTERY

43.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44.     During the course of Plaintiff's employment with Defendants, Plaintiff was physically assaulted by Separate Defendant Llewellyn through the unwarranted and inappropriate touching and biting of Plaintiff.

45.     Plaintiff did not consent to Llewellyn's actions.

46.     As a direct and proximate result of Separate Defendant Llewellyn's conduct, Plaintiff suffered emotional damages in an amount to be determined by proof at trial.

47.     Llewellyn's actions were done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

## VIII.
## COUNT FOUR: NEGLIGENT RETENTION, SUPERVISION AND TRAINING

48.    Plaintiff repeats and re-alleges all preceding paragraphs of this Complaint as if fully set forth in this section.

49.    At all times relevant herein, Defendants owed to the general public and invitees, including Plaintiff, the duty to protect from injury by the tortious acts of unfit, incompetent, or unsuitable agents.

50.    On May 14, 2018, Defendants had actual knowledge that their employee Llewellyn frequently harassed employees.

51.    Defendants knew, or through the exercise of reasonable care should have known, that Llewellyn subjected others, especially Plaintiff, to an unreasonable risk of harm.

52.    Despite their knowledge, or knowledge they could have obtained through the exercise of reasonable care, Defendants breached their duty by retaining and continuing to improperly supervise Llewellyn.

53.    Defendants were negligent in retaining Llewellyn while knowing that he had harassed other female employees.

54.    Defendants were negligent in supervising Llewellyn by failing to properly monitor and control the actions of Llewellyn despite their knowledge of the aforementioned facts.

55.    Defendants were negligent in training Llewellyn by failing to train him in a manner that would prevent unwanted sexual contact with his subordinates.

56.    Defendants' negligence in retaining and supervising Llewellyn was the direct and proximate cause of the injuries sustained by Plaintiff.

57.     Additionally, pursuant to A.C.A. § 16-55-206 and <u>Yeakley v. Doss</u>, 370 Ark. 122, 250 S.W.3d 895 (2007), Defendants are liable to Plaintiff for punitive damages as Defendants knew or ought to have known, in light of the surrounding circumstances, that the conduct particularly described herein would naturally and probably result in injury or damage, and they continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Gina Floyd-Smith, respectfully prays as follows:

A.     That Defendants be summoned to appear and answer this Complaint;

B.     For an order entering judgment in her favor against Defendants for compensatory damages for Defendants' violations of Title VII;

C.     For an order entering judgment in her favor against Defendants for compensatory damages for Defendants' violations of the ACRA;

D.     For an order entering judgment in her favor against Defendants for battery;

E.     For an order entering judgment in her favor against Defendants for negligent retention, supervision and training of Llewellyn;

F.     For punitive damages in an amount to be determined at trial;

G.     For her attorneys' fees, costs, and pre-judgment interest; and

H.     For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**PLAINTIFF GINA FLOYD-SMITH**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Allison Kolle
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com